UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN ST. LOUIS EQUAL HOUSING AND OPPORTUNITY COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MAPLEWOOD, MISSOURI,<br><br>Defendant. | No. 4:17CV886 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of Maplewood, Missouri's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF No. 19). The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant Defendant's motion.

## I. Background

Defendant City of Maplewood, Missouri ("Maplewood") is a municipality located in St. Louis County which has enacted a comprehensive Code of Ordinances ("City Code").[1] Maplewood requires renters to obtain an occupancy permit for $15, and without such occupancy permit, a person is not allowed to rent a dwelling or reside at another renter's dwelling. (Compl.

---

[1] Courts "may consider materials that necessarily are embraced by the pleadings or that are part of the public record and do not contradict the complaint." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (citation omitted). "For example, courts may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999) (internal quotation omitted)). Here, Plaintiff's Complaint references the nuisance ordinance and related provisions enacted by Maplewood such that the Court will consider the relevant portions of the City Code. (Def.'s Exs. A & B, ECF Nos. 20-1, 20-2)

¶¶ 18-19, ECF No. 1) In 2006, Maplewood enacted a nuisance ordinance that permits occupancy to be revoked where the person is deemed a "nuisance." (*Id.* at ¶¶ 17, 19) Plaintiff Metropolitan St. Louis Equal Housing and Opportunity Council ("EHOC") contends that the nuisance ordinance is drafted so broadly that the city has enormous discretion to decide which people the city will "exile." (*Id.* at ¶¶ 19-24) Specifically, the nuisance ordinance provides in relevant part:

> In addition to any other act declared to be a nuisance by this Code or other ordinances of the city, nuisances are hereby defined and declared to be as follows:
>
> (1) Any act done or committed, permitted or allowed to be done or committed, by any person, or any substance or thing kept, maintained, placed or found in or upon any public or private place which is injurious or dangerous to public health;
>
> (2) Any pursuit followed or act done by any person to the hurt, injury, annoyance, inconvenience or damage of the public;
>
> . . .
>
> (17) Any premises upon which any of the following acts or conditions have occurred or continue to occur, whether by the owner, occupants or persons frequenting or congregating about the property:
>
> . . .
>
> f. More than two instances within a 180-day period of incidents of peace disturbance or domestic violence resulting in calls to calls to the police;

(*Id.* at ¶¶ 21-22; Def.'s Ex. A, City Code § 34-240, ECF No. 20-1) When a nuisance has been identified, the city manager or designee holds a hearing, and if a nuisance exists, the nuisance may be abated by revoking the occupancy permit for a period not to exceed six months. (Def. Ex. A, City Code § 34-242, ECF No. 20-1)

On March 13, 2017, Plaintiff EHOC filed a Complaint alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.040, *et seq.* Plaintiff alleges that the nuisance ordinance discriminates against and disproportionately impacts non-white residents, women, and people with disabilities. Specifically, Plaintiff asserts that Maplewood disproportionately enforces the ordinance against its small African-American population to perpetuate Maplewood's status as a "white" community. (Compl. ¶¶ 2, 3, 16) Plaintiff further avers that enforcement of the nuisance ordinance punishes victims of domestic violence, African-American women in particular, and exiles them from Maplewood. (*Id.* at ¶¶ 22-23, 28-33) Plaintiff also contends that the nuisance ordinance is enforced against individuals with disabilities, including those with mental illnesses. (*Id.* at ¶¶ 34-39)

Plaintiff EHOC claims that Maplewood does not enforce its ordinance evenhandedly but instead knowingly and intentionally enforces the ordinance in a selective manner that discriminates against and has a disproportionate impact based on race, sex, and disability.[2] (*Id.* at ¶¶ 41-44) Plaintiff contends that Maplewood's discriminatory enforcement of its nuisance ordinance has frustrated and continues to frustrate the EHOC's mission of ensuring all people have equal access to housing. (*Id.* at ¶ 57) Plaintiff seeks declaratory judgment that Defendant's actions violate the FHA and the MHRA; a permanent injunction restraining Defendant

---

[2] Plaintiff alleges that it investigated 43 enforcement hearings between March 2010 and August 2015. (Compl. ¶ 25) Plaintiff ascertained the race of the household in 34 of the hearings, and 19 of those enforcement actions were against African-Americans, even though African-Americans constitute only 17 percent of the City's population. (*Id.* at ¶ 26) Six of the 43 enforcement actions involved domestic disturbances where a female African American resident was "attacked" by a male. (*Id.* at ¶ 29) Finally, 11 of the actions involved incidents that allegedly resulted from the "manifestation of mental illness or other disabilities." (*Id.* at ¶ 35)

3

Maplewood from enforcing the nuisance ordinance; compensatory damages; punitive damages; and attorneys' fees and costs.

## II. Legal Standard

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint

4

there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

### III. Discussion

The Fair Housing Act makes it unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Further, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). The FHA also makes it unlawful to discriminate in the sale or rental, or in the terms, conditions, or privileges of sale or rental of a dwelling because of a handicap. 42 U.S.C. § 3604(f)(1)-(2). The Missouri Human Rights Act similarly makes it unlawful to discriminate in the sale or rental of a dwelling based on race, color, religion, national origin, ancestry, sex, disability, or familial status. Mo. Rev. Stat. § 213.040.1.

In its motion to dismiss, Defendant Maplewood argues that Plaintiff's Complaint should be dismissed because it contains no factual support for the claim of disparate treatment. Further, Defendant contends that Plaintiff is unable to demonstrate a prima facie case of disparate impact discrimination. Finally, Defendant asserts that Plaintiff's cause of action under the MHRA in

Count II should be dismissed as duplicative of Count I under the FHA. The Court will discuss each argument in turn.

### A. Disparate Treatment

Defendant first argues that Plaintiff's disparate treatment claims lack the required factual support such that dismissal under Rule 12(b)(6) is warranted. "'Disparate-treatment claims under the FHA are tested under the same framework as Title VII disparate-treatment claims,' the question being whether Defendant treated Plaintiffs 'less favorably than other based on their race, color, religion, sex or national origin.'" *Folger v. City of Minneapolis*, 43 F. Supp. 3d 922, 931 (D. Minn. 2014) (quoting *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010)). "'Proof of discriminatory purpose is crucial for a disparate treatment claim.'" *Id.* Discriminatory purpose implies that the decision maker selected a course of action because of its adverse effects on an identifiable group. *Spirit Lake Tribe of Indians ex rel. Comm. of Understanding and Respect v. Nat'l Coll. Athletic Ass'n*, 715 F.3d 1089, 1092 (8th Cir. 2013) (quotations and citations omitted).

Here, Plaintiff alleges that "Maplewood intentionally targets its African-American residents for enforcement actions – then banishes them from the City – based on conduct that would not result in such enforcement against white residents." (Compl. ¶ 2) Likewise, Plaintiff contends that "a large percentage of Maplewood's enforcement actions have been taken against women who are survivors of domestic violence and/or people with disabilities." (*Id.*) Plaintiff asserts that the nuisance ordinance discriminates against African-American residents, women, and individuals with disabilities in that "Maplewood does not enforce its ordinance evenhandedly against all residents who could be eligible for such enforcement, but instead

enforces the ordinance selectively against those residents whom it deems undesirable for other reasons." (*Id.* at ¶¶ 27-28, 34, 40)

Plaintiff's Complaint merely sets forth conclusory allegations that do not give an inference of discrimination. As stated above, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation omitted). "A claim is facially plausible 'where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 371 (8th Cir. 2017) (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted)). While a plaintiff need not plead facts sufficient to establish a prima facie case of discrimination, the elements of a prima facie case "'are part of the background against which a plausibility determination should be made.'" *Blomker*, 831 F.3d at 1056 (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013)).

The Court finds that the facts contained in Plaintiff's Complaint do not create an inference that Maplewood enforces its nuisance ordinance for the purpose of adversely affecting African American residents, women, and/or disabled residents. While Plaintiff purports to cite statistics and percentages, nothing on the face of the pleading sets forth facts or examples of white residents receiving more favorable treatment than African-American residents, or of non-disabled residents receiving better treatment because of an intent or motive to discriminate against these groups. Plaintiff baldly claims that the statement on Maplewood's website that "[o]ver the past decade, Maplewood's central location and housing values have brought many young professionals and their families to our community" demonstrates a discriminatory purpose of enforcing the ordinance to exile African-American residents, people with disabilities, and

women facing domestic violence. (Compl. ¶¶ 16, 24) Other than conclusory assertions and conjecture upon information and belief, Plaintiff's Complaint fails to assert any facts which would infer that Maplewood ignores similar conduct by other residents and only enforces its nuisance ordinance against African-American, female, and disabled residents. *See Pope v. Fed. Home Loan Mortg. Corp.*, 561 Fed. App'x 569, 573 (8th Cir. 2014) (finding that a pleading based on information and belief with no facts that would lead to an inference of a plausible claim is insufficient under Federal Rules of Civil Procedure 8 and 12).

In short, Plaintiff's Complaint fails to identify specific instances where Defendant Maplewood had a discriminatory intent or motive in providing favorable treatment to white and/or non-disabled residents over other residents based on race, gender, disability, or any other improper criteria when enforcing its nuisance ordinance. *See Folger*, 43 F. Supp. 3d at 931-37 (D. Minn. 2014) (granting judgment on the pleadings with respect to plaintiff's disparate treatment claim under the FHA where the "Complaint consist[ed] of nothing more than conclusory allegations devoid of any plausible basis that the City enforced its housing code with the motive of intent to discriminate against any protected class . . . ."). Therefore, the Court finds that Plaintiff has failed to state a claim of disparate treatment that "nudge[s] [its] claims across the line from conceivable to plausible" such that dismissal under Rule 12(b)(6) is warranted. *Twombly*, 550 U.S. at 570.

### B. Disparate Impact

Plaintiff also claims that Defendant Maplewood's overbroad definition of nuisance activity has an unlawful disparate impact on African-American, female, and disabled residents. Defendant Maplewood contends that Plaintiff has failed to state a claim because the allegations

are not supported by the necessary causal connection between a Maplewood policy and the alleged disparity required to adequately plead disparate impact.

"The Eighth Circuit has long recognized disparate-impact claims are cognizable under the FHA." *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1110 (8th Cir. 2017) (citation omitted). "'In contrast to a disparate-treatment case, where a plaintiff must establish that the defendant had a discriminatory intent or motive, a plaintiff bringing a disparate-impact claim challenges practices that have a disproportionately adverse effect on minorities and are otherwise unjustified by a legitimate rationale.'" *Id.* (quoting *Tex. Dep't of Housing and Cmty. Affairs v. Inclusive Communities Project*, __ U.S. __, 135 S. Ct. 2507, 2513 (2009) (internal quotation omitted)). "But disparate-impact liability has always been properly limited in key respects that avoid the serious constitutional questions that might arise under the FHA, for instance, if such liability were imposed based solely on a showing of statistical disparity." *Inclusive Communities*, 135 S. Ct. at 2522. The Supreme Court has emphasized, "'prompt resolution of these cases is important. A plaintiff who fails to allege facts at the pleading stage . . . demonstrating a causal connection [between a defendant's policy and a disparity] cannot make out a prima facie case of disparate impact.'" *Ellis*, 860 F.3d at 1111 (quoting *Inclusive Communities*, 135 S. Ct. at 2523). Such "robust causality requirement ensures that '[r]acial imbalance . . . does not, without more, establish a prima facie case of disparate impact' and thus protects defendants from being held liable for racial disparities they did not create." *Inclusive Communities*, 135 S. Ct. at 2523 (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 653 (1989)). The Supreme Court held that limitations on disparate-impact liability are "necessary to protect potential defendants against abusive disparate-impact claims." *Id.* at 2524. For example, governmental entities "must

not be prevented from achieving legitimate objectives, such as ensuring compliance with health and safety codes." *Id.*

Here, Plaintiff contests Maplewood's definition of nuisance in the ordinance has a disparate impact on African Americans, women, and people with disabilities, asserting that the enforcement results in exiling these groups from the City. (Pl.'s Opp. to Mot. to Dismiss pp. 9-10, ECF No. 23) In support, Plaintiff presents statistical data allegedly demonstrating that the ordinance has a causal connection to disparate outcomes and a larger discriminatory pattern. Defendant contends that Plaintiff's statistical analysis fails to meet the causal connection standard required by *Inclusive Communities*.

The Court finds that Plaintiff has failed to sufficiently plead a causal connection between the alleged discriminatory policy, Maplewood's nuisance ordinance, and the alleged discriminatory disparate impact on African Americans, women, and disabled residents. As previously stated, at the motion to dismiss stage, Plaintiff must plead a prima facie case of disparate impact under the FHA. *Ellis*, 860 F.3d at 1111. "[A] plaintiff must, at the very least, point to an 'artificial, arbitrary, and unnecessary' policy causing the problematic disparity." *Id.* at 1114. In addition, Plaintiff must "allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection" to make a prima facie case of disparate impact. *Inclusive Communities*, 135 S. Ct. at 2523.

Here, the policy complained of is a nuisance ordinance enacted to promote public health, safety, and welfare. While Plaintiff has identified a policy, at best the statistical evidence merely shows an imbalance resulting from enforcement of the ordinance. Plaintiff fails to plausibly allege that the ordinance *causes* the disparity. *See Id.* ("A robust causality requirement ensures that racial imbalance . . . does not, without more, establish a prima facie case of disparate impact

and thus protects defendants from being held liable for racial disparities they did not create.") (internal quotation omitted); *see also TBS Grp., LLC v. City of Zion, Ill.*, No. 16-cv-5855, at *9 (N.D. Ill. Nov. 6, 2017) (dismissing the complaint where plaintiff failed to "lay out a chain of inferences explaining how the Ordinance will *cause* a racially disparate impact, as distinct from just resulting in disparate impact").

Instead, Plaintiff points to only 43 selected enforcement hearings over the course of nearly 5 years that Plaintiff contends are evidence of a causal connection between the definitions in the nuisance ordinance and a disparate impact on African-Americans, women, and people with disabilities. The Court finds that this data is insufficient to state a plausible prima facie case "demonstrating that the [nuisance ordinance] complained of [is] arbitrary and unnecessary under the FHA." *Ellis*, 860 F.3d at 1112. As stated by the Supreme Court, "[w]ere standards for proceeding with disparate-impact suits not to incorporate at least the safeguards discussed here, then disparate-impact liability might displace valid governmental and private priorities, rather than solely 'remov[ing] . . . artificial, arbitrary, and unnecessary barriers.'" *Inclusive Communities*, 135 S. Ct. at 2524 (quoting *Griggs v. Duke Power Co*, 401 U.S. 424, 431 (1971)). Thus, the Court finds that Plaintiff's Complaint fails to set forth factual allegations sufficient to move its disparate impact claim over the plausibility threshold, and dismissal under Rule 12(b)(6) is warranted.

Because the Court will dismiss Plaintiff's federal FHA claims against Defendant Maplewood pursuant to Rule 12(b)(6), the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims under the MHRA.

Accordingly,

11

**IT IS HEREBY ORDERED** that Defendant City of Maplewood, Missouri's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF No. 19) is **GRANTED**. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of December, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**