# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| METROPOLITAN ST. LOUIS EQUAL HOUSING AND OPPORTUNITY COUNCIL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:17-cv-886-RLW<br>)<br>) |
| CITY OF MAPLEWOOD, MISSOURI, | )<br>) |
| Defendant. | ) |

## CITY OF MAPLEWOOD, MISSOURI'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant City of Maplewood, Missouri ("Maplewood") files this Response in Opposition to Plaintiff Metropolitan St. Louis Equal Housing and Opportunity Council's ("Plaintiff" or "EHOC") Motion for Reconsideration. Devoid of any procedural or substantive basis for reconsideration of this Court's well-reasoned Memorandum and Order dated December 7, 2017 [Dkt. 33] in which the Court dismissed Plaintiff's Complaint (the "Order"),[1] Plaintiff's motion is based entirely on arguments that it has made before in either its Complaint or briefing and which were rejected. Plaintiff's attempt to re-litigate the merits of it case via a motion for supposed "reconsideration" is flatly disallowed by black letter law and the rules on this Circuit. Simply stated, a party may not attempt to re-argue the merits of a case in the guise of Motion for Reconsideration. Despite this well-known principle, Plaintiff's motion ignores controlling law and does just that. For this reason, and for the reasons and authorities set forth more fully below, Plaintiff's Motion for Reconsideration should be denied and the Court's December 7, 2017 Memorandum and Order, as well as its related Order of Dismissal [Dkt. 34], should stand.

---

[1] *Metropolitan St. Louis Housing and Opportunity Council v. City of Maplewood, Missouri*, No. 4:17-cv-886-RLW, 2017 WL 6278882 (E.D. Mo. Dec. 7, 2017). For ease of reference, Maplewood when referring to the Order will use the page notations provided by this citation.

**LEGAL STANDARD**

Under FRCP 60(b)[2], "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Serv., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)); *Bradley Timberland Resources v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (same). "A motion for reconsideration is not a vehicle for the introduction of new legal theories or 'new evidence that could have been adduced during pendency of the motion at issue.'" *O'Grady v. City of Ballwin*, 866 F.Supp.2d 1073, 1080 (E.D. Mo. 2012) (denying motion for reconsideration and quoting *Arnold*). *See also Frentzel v. Boyer*, No. 4:05-cv-2304-CAS, 2007 WL 1342178 at *1 (E.D. Mo. May 3, 2007) (noting Rule 60(b) motions are viewed with disfavor and denying motion). Most importantly, Rule 60(b) is "*not* a vehicle for simple re-argument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (emphasis added).

Because Plaintiff's motion is nothing more than Plaintiff's attempt to re-argue its case on the merits, and because the Federal Rules of Civil Procedure and binding case law from the United States Court of Appeals for the Eighth Circuit expressly forbid such re-argument, Plaintiff's motion should be denied in its entirety.

**I.      Federal Rule of Civil Procedure 60(b) Cannot Be Used to Re-Argue the Merits of a Case, Which is Precisely What Plaintiff's Motion Does.**

Plaintiff's motion provides no procedural or substantive basis for "reconsideration" of this Court's well-reasoned order. Although the motion does not identify which of the sub-categories listed under FRCP 60(b) Plaintiff seeks to invoke, in the absence of such specificity

---

[2] The other two rules referenced in Plaintiff's motion, FRCP 59[e] and FRCP 60(c) simply relate to deadlines and issues of timing with respect to motions to alter or amend an Order and do not address any substantive basis for a party to seek reconsideration.

the only plausible reading of Plaintiff's motion is that it seeks relief from the Court's Order under either FRCP 60(b)(1) – "mistake, inadvertence, surprise, or excusable, neglect" – or else FRCP 60(b)(6), the Rule's catch-all provision – "any other reason that justifies relief." The motion, which simply re-hashes Plaintiff's arguments already presented in its Complaint and briefing, fails as a matter of law under either sub-category.

Among the reasons listed in FRCP 60(b)(1), only "mistake" appears to be the basis for Plaintiff's motion. Notably, Plaintiff does not argue that EHOC itself made a mistake in its filing or argument, but rather that the Court made a mistake of law in issuing its ruling. *See, e.g.*, Plaintiff's Motion at p. 1 (alleging the Court "erred" in its legal analysis of Plaintiff's discrimination claims); *Id.* at pp. 5-6 (alleging error with respect to Plaintiff's requisite pleading burden); etc. These allegations of supposed judicial error are manifestly not a justification for reconsideration. "It has long been the law of this Circuit that relief under rule 60(b)(1) for judicial error other than judicial inadvertence is not available. *Delatejera v. Bowesox*, No. 4:12-cv-1311-NAB, 2015 WL 300379 at *3 (E.D. Mo. Jan. 22, 2015) (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460-61 (8th Cir. 2000)) and *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980). "Arguing that a court misunderstood or misapplied the law is not grounds for relief under FRCP 60(b)(1)." *Delatejera*, 2015 WL 300379 at *3 (internal citation omitted). Plaintiff's actual argument is that it disagrees with the Court's legal analysis, which is not a proper justification for its request. Simply stated, FRCP 60(b)(1) provides no valid grounds for reconsideration whatsoever.

Any attempt by Plaintiff to request relief pursuant to FRCP 60(b)(6) fails for the same reasons listed above – a party may not use a Motion for Reconsideration to attempt to re-argue the merits of its case. FRCP 60(b)(6), the "catch-all" sub-section, provides that a "court may

relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). If anything, this sub-section presents an even higher burden for reconsideration. Relief under Federal Rule of Procedure 60(b)(6) "is an extraordinary remedy for exceptional circumstances . . . ". *Webb v. Exxon Mobil Corp.*, No. 4:13-cv-00232-BSM, 2015 WL 11090404, at *1 (E.D. Ark. July 24, 2015); *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989) (Relief under Rule 60(b)(6) an extraordinary remedy.). Such relief "is to be granted only when exceptional circumstances prevented the moving party from seeking redress through the usual channels." *In re Zimmerman*, 869 F.2d at 1128; *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002) ("Rule 60(b)(6) authorizes relief in only the most exceptional of cases."). Of course, the prohibition on re-litigating the merits of a party's legal position applies to any and all portions of Rule 60(b). Plaintiff's motion presents no such "exceptional" or "extraordinary" standards to justify reconsideration.

Tellingly, Plaintiff's motion contains <u>no case law whatsoever</u> in which a court grants a Motion for Reconsideration, or even a single case analyzing standards for reconsideration motions under Rule 60(b). Instead, every authority cited by Plaintiff relates to the alleged merits of is already-presented argument. The complete lack of any case law addressing or referencing FRCP 60(b) merely illustrates that Plaintiff is attempting to impermissibly re-hash arguments already raised and addressed. There is no question that this is improper. For this reason alone, Plaintiff's motion should be denied.

Plaintiff, having presented no authority justifying relief under Rule 60(b), as opposed to case law that merely re-asserts its litigation position, has failed to meet even minimum standards for requesting reconsideration. This Court, consistent with long-standing Eighth Circuit

4

precedent, should not allow Plaintiff the opportunity to re-litigate issues that have already been extensively and conclusively litigated and should therefore deny Plaintiff's motion in its entirety.

**II.     Nothing in Plaintiff's Motion Addresses the Actual Rationale for the Order – Plaintiff's Failure to State a Claim for Relief.**

Despite using its motion as an improper vehicle to re-argue its case, Plaintiff does not actually address any of the substantive reasons underlying the Court's Order, namely Plaintiff's failure to comply with the well-known requisite pleadings standards under *Iqbal/Twombly*, as well as the pleading directives of the United States Supreme Court for claims brought under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. ("FHA") in *Texas Dept. of Housing and Comm. Affairs v. Inclusive Communities Project, Inc.*, -- U.S. --, 135 S.Ct. 2507 (2015).

Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a complaint must be dismissed if it fails to plead "enough facts to state a claim that is plausible on its face."  In analyzing Plaintiff's claim for disparate treatment, one of two federal claims asserted by Plaintiff, the Court held that Plaintiff had not satisfied the standard set forth in *Twombly*. Instead, "Plaintiff's Complaint merely sets forth conclusory allegations that do not give an inference of discrimination," and that "the facts contained in Plaintiff's Complaint do not create an inference that Maplewood enforces its nuisance ordinance for the purpose of adversely affecting African American residents, women, and/or disabled residents. *Order* at *3-4. Furthermore, the Court held that Plaintiff failed to identify "specific instances where Defendant Maplewood had a discriminatory intent or motive in providing favorable treatment to white and/or non-disabled residents over other residents based on race, gender, disability, or any other improper criteria when enforcing its nuisance ordinance." *Id*. at *4.

Nothing in Plaintiff's motion addresses the deficiencies identified in the Order.  Rather, the motion contains the same conclusory assertions and unsupported accusations that merited

5

dismissal of the Complaint. For example, in lieu of specific, well-supported facts, Plaintiff "points to national studies," which purportedly contain data regarding women and domestic violence generally. *See* Motion at p. 2. This type of non-specific information simply does not satisfy FRCP pleading requirements. Even if Plaintiff could re-argue its legal position on pleading requirements, which it cannot do pursuant to the law of this Circuit, Plaintiff still does not address the defects in its Complaint and has not pleaded a viable cause of action.

Regarding Plaintiff's disparate impact claim under the FHA, the second of Plaintiff's two federal claims, the Court held that Plaintiff had "failed to sufficiently plead a causal connection between the alleged discriminatory policy…and the alleged discriminatory disparate impact on African Americans, women, and disabled residents." *Order* at *5. Citing the requirements of *Inclusive Communities*, the Court noted that "the Plaintiff must 'allege facts at the pleadings stage or produce statistical evidence demonstrating a causal connection' to make a prima facie case of disparate impact." *Id*. (citing *Inclusive Communities*, 135 S.Ct. at 2523). The Court, in dismissing Plaintiff's disparate impact claim, concluded that "Plaintiff fail[ed] to plausibly allege that the ordinance causes the disparity" alleged by Plaintiff and noted *Inclusive Communities*' "robust causality requirement" for pleading disparate impact. *Order* at *5.

In its Motion, Plaintiff simply asserts, without citing any legal authority, that its references to "national studies" are sufficient support for pleading its disparate impact claim and that it "was not required to also point to statistically robust local data showing disparate impact…" Motion at p. 2. This is simply incorrect as a matter of law. "[A] disparate-impact claim that relies on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies causing that disparity. *A robust causality requirement* ensures that racial imbalance ... does not, without more, establish a prima facie case of disparate impact and thus

protects defendants from being held liable for racial disparities they did not create." *Inclusive Communities*, 135 S.Ct. at 2523 (internal quotation omitted) (emphasis added).[3] Yet just as importantly, Plaintiff's assertion is simply another example of it attempting to improperly argue the legal merits of its case. As previously stated, Rule 60(b) and the law of this Circuit forbid this tactic.

Because Plaintiff's motion ignores required pleading standards and thus the basis of the Court's Order, all while improperly attempting to re-litigate legal issues already decided, the Court should deny Plaintiff's Motion.

### III. Maplewood Fully Addressed All of Plaintiff's Claims as Pleaded.

At various points in its Motion, Plaintiff either suggests that Maplewood did not address a particular claim asserted in the original Complaint, or else suggests that Maplewood and/or the Court did not address some particular theory of relief. Both suggestions are false. Plaintiff's Complaint contained two, and only two, federal claims under the FHA – one alleging disparate treatment and one alleging disparate impact. Maplewood addressed each count fully and at great length in its briefing. Plaintiff's current suggestion that certain of its discrimination theories are supposedly "conceptually distinct" from its two federal claim as actually pleaded (Motion at p. 3), or else should be analyzed under some alternative standard, is both not accurate as well as legally irrelevant. Plaintiff cannot now be allowed to re-couch its allegations and claim new supposed "conceptually distinct" theories, which theories were in fact set forth in its original Complaint and rejected by this Court, in the guise of a request for "reconsideration."

For example, the Motion cites to *Charleston Housing Authority v. U.S. Dept. of Agriculture*, 419 F.3d 729, 741 (8th Cir. 2005) for the proposition that a party need only plead

---

[3] To the extent Plaintiff attempts to cite to older FHA cases decided prior to *Inclusive Communities*, its reliance on these cases, and the cases' continued validity, is questionable at best.

7

"predictable results" in order to plausibly set forth a discrimination claim.  *Charleston Housing*, however, merely addresses the type of evidence that may be used as proof for a disparate impact claim.  The case has no bearing on pleading standards and offers nothing to address the Court's analysis in its Order, which of course focused on Plaintiff's pleadings and the inadequacies with same.  The proper type of proof for a disparate impact claim is neither here nor there and, as an attempt to re-argue a legal theory, certainly does not provide Plaintiff with a valid basis for reconsideration.

Plaintiff's other arguments and authorities merely amount to, at best, disagreements with the Court's legal conclusions.   For example, the motion argues that *TBS Group, LLC v. City of Zion, Illinois*, No. 16-cv-5855, 2017 WL 5129008 (N.D. Ill., Nov. 6, 2017), an FHA case with allegations substantially similar to those in the present matter,  is supposedly "inapposite."  To the contrary, *City of Zion* is very much on-point with respect to both its facts and legal analysis of disparate treatment and disparate impact claims under the FHA.  *City of Zion* is similarly on-point in its analysis of *Iqbal/Twombly* and *Inclusive Communities*, and thereby concluding that the plaintiff in that case failed to meet required pleading standards.  *Id*.  Yet regardless of Plaintiff's view of the applicability of this case, its argument regarding *City of Zion*, like its other arguments, is nothing more than an assertion of legal error.  For the reasons already stated, this type of argument is patently inappropriate in connection with a Motion for Reconsideration.

Maplewood responded fully to each of the claims set forth in Plaintiff's Complaint, as confirmed by the Court's Order.  Plaintiff's attempt to present the same allegations via a supposedly different "theory," or through asserting its disagreement with relevant case law, is improper and should be disregarded.  Accordingly, the Motion should be denied.

**IV.	Rule 60(b) Provides No Other Basis for Reconsideration**.

Besides the two aforementioned sub-sections of Rule 60(b), there is no other basis under the rule for the relief EHOC seeks. These other subsections under Rule 60(b) include: (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; and (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." None of these sub-sections apply to Plaintiff's motion. Thus, there is no justification under any portion of Rule 60(b) for reconsideration of the Court's Order.

## CONCLUSION

Plaintiff has not—and cannot— demonstrate any grounds that would entitle it to relief under Rule 60(b). Accordingly, and for the reasons cited above, the City of Maplewood, Missouri respectfully requests that this Court deny Plaintiff's Motion for Reconsideration of the Court's Order dated December 8, 2017 dismissing Plaintiff's Complaint, allow its Memorandum and Order [Dkt. 33], and related Order [Dkt. 34] dated December 7, 2017 to stand, and for such other and further relief as the Court deems appropriate under the circumstances.

Dated:  January 22, 2018

        Respectfully submitted,

        LEWIS RICE LLC

        By: /s/ Craig S. Biesterfeld
        Craig S. Biesterfeld (Mo. Bar No. 27233)
        600 Washington Avenue, Suite 2500
        St. Louis, MO 63101
        (314) 444-7600 telephone
        (314) 612-7726 facsimile
        CBiesterfeld@lewisrice.com

        and

        HUSCH BLACKWELL LLP

        By: /s/ Michael J. Tolles
        Michael J. Tolles (Mo. Bar No. 61606)
        190 Carondelet Plaza, Suite 600
        St. Louis, Missouri 63105
        (314) 480-1500 telephone
        (314) 480-1505 facsimile
        mike.tolles@huschblackwell.com

        *Attorneys for Defendant City of Maplewood, Missouri*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's electronic notification system upon all counsel of record this 22nd day of January, 2018.

/s/ Michael J. Tolles