# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| METROPOLITAN ST. LOUIS EQUAL HOUSING AND OPPORTUNITY COUNCIL,<br><br>          Plaintiff,<br>   v.<br><br>CITY OF MAPLEWOOD, MISSOURI,<br><br>          Defendant. | Civ. Action No. 4:17-cv-886-RLW |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM JUDGMENT

The arguments made in (and conspicuously absent from) Defendant's Memorandum in Opposition to Plaintiff's Motion for Reconsideration (Doc. 39) (hereinafter "Def.'s Opp.") reaffirm why Plaintiff's Motion for Relief from Judgment (Doc. 35) (hereinafter "Pl.'s Mot.") should be granted. Unable to refute Plaintiff's assertions of error, Defendant devotes the majority of its Opposition to arguing—erroneously—that this Court should refuse to consider the merits of Plaintiff's Motion. Those arguments are based on the incorrect premise that Plaintiff's Motion is one for reconsideration under Rule 60 of the Federal Rules of Civil Procedure rather than one for relief from judgment under Rule 59. Put simply, Defendant literally responds to a different motion than the one Plaintiff made. Compare Doc. 35 ("Plaintiff's Motion for *Relief from Judgment*") with Doc. 39 ("Defendant's Memorandum in Opposition to Plaintiff's Motion for *Reconsideration*"). Based on that incorrect premise, Defendants ignore controlling Eighth Circuit precedent holding that Rule 59(e) controls and authorizes the very arguments Plaintiff presents here.

To the extent Defendant reaches the merits, its Opposition fares no better. Defendant all but admits that the Court dismissed Plaintiff's claims without fully considering all the theories of

liability that Plaintiff pled and presented, which is impermissible under the Federal Rules of Civil Procedure and Circuit precedent. And Defendant *still* has little to say about the theories that this Court's decision did not address. Glaringly absent from Defendant's Opposition is any substantive response to the binding Supreme Court and Eighth Circuit precedent confirming that Plaintiff's Complaint states a claim for disparate impact discrimination based on gender and disability. Nor does Defendant offer any basis to think that what amounted to the Court's *sua sponte*, *sub silentio* dismissal Plaintiff's reasonable accommodation claim—a claim which Defendant never even moved to dismiss—was anything but unintentional and in error.

Plaintiff respectfully submits that, given the significance of this Court's underlying Order (which dismissed the entire complaint) and Defendant's failure to engage with the arguments made in Plaintiff's moving papers, oral argument may assist this Court in resolving this motion. *See* Local Rule 78-4.02.

I. **Refusing to Consider Plaintiff's Merits Arguments Would Be Error, as Plaintiff's Motion and the Arguments it Raises Are Specifically Permitted Under Rule 59(e)**

Defendant devotes much of its Opposition to arguing that a Rule 60 motion cannot be used to reargue the merits of its Motion to Dismiss. Def.'s Opp. at 2-5, 9. But all of this is beside the point, because Plaintiff moved under Rule 59(e), *see* Pl.'s Mot. at 1, which permits just such error correction with respect to a final judgment. In a footnote, Defendant erroneously dismisses Federal Rule of Civil Procedure 59(e) as only addressing timing questions, *see* Def.'s Opp. at 2 n.2. It ignores controlling law establishing that Rule 59(e) specifically *permits* the type of arguments Plaintiff presents in its Motion—and that it is immaterial that Plaintiff's Motion also referenced Rule 60.

Rule 59(e) is designed to provide a basis for correcting factual or legal errors encompassed in a final judgment of the Court. "Federal Rule of Civil Procedure 59(e) provides a

means to support reconsideration by the court of matters properly encompassed in a decision on the merits. Under [R]ule 59(e), the court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 620 (8th Cir. 2009) (internal quotations and brackets omitted); *see also Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987); *Holder v. United States*, No. 4:03CV00923ERW, 2009 WL 5030785, at *2 (E.D. Mo. Dec. 14, 2009), *aff'd*, 721 F.3d 979 (8th Cir. 2013).

Per the Eighth Circuit, "any motion that draws into question the correctness of the judgment is functionally a motion under Fed. R. Civ. P. 59(e), whatever its label."[1] *Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (internal brackets omitted); *see also Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) ("[A] postjudgment motion will be considered a Rule 59(e) motion where it involves reconsideration of matters properly encompassed in a decision on the merits.") (internal quotations omitted); *Whitehead v. Garrett*, No. 4:09CV483 CDP, 2012 WL 3939967, at *1 (E.D. Mo. Sept. 10, 2012) (applying Rule 59(e) to a post-judgment motion where the movant referenced both Rule 59 and Rule 60 because it was questioning correctness of the judgment).

Plaintiff's Motion is governed by Rule 59(e). The Court entered final judgment against Plaintiff dismissing all claims on December 8, 2017, pursuant to its Memorandum and Order of that date. *See* Doc. Nos. 33 and 34. Through its Motion, Plaintiff asks the Court to "examine the correctness of [that] judgment" in light of specific legal and factual errors it contains, which is the specific purpose of a Rule 59(e) motion. *See, e.g.*, *Leonard*, 553 F.3d at 620; *see also, e.g.*, *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194,

---

[1] Accordingly, that Plaintiff's Motion also referenced Rule 60 is immaterial and does not change the fact that Rule 59(e) is controlling. *See Norman*, 79 F.3d at 750; *Whitehead*, 2012 WL 3939967, at *1.

3

1200 (10th Cir. 2011) (holding that a motion is "properly characterized as a Rule 59(e) motion, because Plaintiff claimed the district court 'overlooked the applicable statute and the facts'"). Because Plaintiff's Motion is governed by Rule 59(e) per Eighth Circuit law, *see Norman*, 79 F.3d at 750, Defendant's lengthy discussion of Rule 60 is irrelevant and misplaced.

In a similar vein, Defendant repeatedly asserts that the Court should refuse to consider Plaintiff's Motion because it (a) raises issues previously addressed and (b) asserts errors of law and fact. *See, e.g.,* Def.'s Opp. at 7 (accusing Plaintiff of "attempting to improperly argue the legal merits of its case."); *id.* at 8 (dismissing Plaintiff's arguments as "amount[ing] to, at best, disagreements with the Court's legal conclusions."); *id.* (Plaintiff's argument "is nothing more than an assertion of legal error."). This gets the law of Rule 59(e) motions entirely backward.

Rule 59(e) motions are *supposed* to cover matters previously raised and are *supposed* to present errors of law and/or fact. *See, e.g., Leonard*, 553 F.3d at 620; *Norman*, 79 F.3d at 750 (holding that a Rule 59(e) motion is "appropriate in cases where the court has based an order on a factual error"); *Pioneer Hi-Bred Int'l, Inc.*, No. 4:97CV1609ERW, 2001 WL 34127923, at *1 (E.D. Mo. Feb. 20, 2001) (same); *Matrix Grp. Ltd., Inc. v. Rawlings Sporting Goods Co.*, No. 4:04CV00126 ERW, 2005 WL 6749147, at *6 (E.D. Mo. Apr. 29, 2005) (addressing an "error of law" through a Rule 59(e) motion). In short, "a Rule 59(e) motion to 'reconsider' may [] be granted where the court overlooked a factual or legal *argument* presented by a party." *Plymouth Cty., Iowa ex rel. Raymond v. MERSCORP, Inc.*, 287 F.R.D. 449, 456–57 (N.D. Iowa 2012), *aff'd sub nom. Plymouth Cty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155 (8th Cir. 2014) (emphasis in original).

Indeed, not only is it fully appropriate for this Court to consider arguments that it made factual or legal errors encompassed in the Court's entry of judgment, but failing to consider those

4

arguments in a Rule 59(e) can constitute an abuse of discretion warranting reversal. *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *Plymouth City*, 287 F.R.D. at 456-57 (recognizing that "failure to consider an argument of a party" is "consistent with the sorts of abuse of discretion and error that the Eighth Circuit Court of Appeals has found sufficient to warrant relief pursuant to Rule 59(e)").

In sum, Rule 59(e) specifically authorizes "reconsider[ation of] issues previously before [the Court]," *Leonard*, 553 F.3d at 620, and is *meant* to address errors of law and fact. Accordingly, Defendant's mantra that Plaintiff's Motion "is based entirely on arguments that it has made before in either its Complaint or briefing" and makes "assertion[s] of legal error," Def.'s Opp. at 1-5, 6, 7, 8, provides no basis for rejecting Plaintiff's Motion. To the contrary, all Defendant has established is that Plaintiff's Motion is a proper one under Rule 59(e).

## II. Defendant's Cursory Discussion of the Merits Only Confirms the Errors Identified By Plaintiff

Aside from erroneous procedural arguments, Defendant offers little to challenge the merits of Plaintiff's assertions of error. Instead, Defendant's arguments (and omissions) underscore those errors by: (a) tacitly confirming that the Court, while addressing claims brought under a selective enforcement theory, did *not* consider Plaintiff's facial challenges to specific aspects of Maplewood's nuisance ordinance; (b) making no attempt to challenge or distinguish the controlling law Plaintiff cited pursuant to which Plaintiff properly pled its gender and disability disparate impact claims; and (c) conceding that neither Defendant nor the Court addressed—let alone offered grounds for dismissing—Plaintiff's reasonable accommodation claim.

arguments in a Rule 59(e) can constitute an abuse of discretion warranting reversal. *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *Plymouth City*, 287 F.R.D. at 456-57 (recognizing that "failure to consider an argument of a party" is "consistent with the sorts of abuse of discretion and error that the Eighth Circuit Court of Appeals has found sufficient to warrant relief pursuant to Rule 59(e)").

In sum, Rule 59(e) specifically authorizes "reconsider[ation of] issues previously before [the Court]," *Leonard*, 553 F.3d at 620, and is *meant* to address errors of law and fact. Accordingly, Defendant's mantra that Plaintiff's Motion "is based entirely on arguments that it has made before in either its Complaint or briefing" and makes "assertion[s] of legal error," Def.'s Opp. at 1-5, 6, 7, 8, provides no basis for rejecting Plaintiff's Motion. To the contrary, all Defendant has established is that Plaintiff's Motion is a proper one under Rule 59(e).

## II. Defendant's Cursory Discussion of the Merits Only Confirms the Errors Identified By Plaintiff

Aside from erroneous procedural arguments, Defendant offers little to challenge the merits of Plaintiff's assertions of error. Instead, Defendant's arguments (and omissions) underscore those errors by: (a) tacitly confirming that the Court, while addressing claims brought under a selective enforcement theory, did *not* consider Plaintiff's facial challenges to specific aspects of Maplewood's nuisance ordinance; (b) making no attempt to challenge or distinguish the controlling law Plaintiff cited pursuant to which Plaintiff properly pled its gender and disability disparate impact claims; and (c) conceding that neither Defendant nor the Court addressed—let alone offered grounds for dismissing—Plaintiff's reasonable accommodation claim.

### A. Defendant Tacitly Confirms That the Court Did Not Consider Plaintiff's Alternate Theories of Liability

The basic premise of Plaintiff's Motion is that this Court addressed only two of Plaintiff's theories—selective enforcement based on race, sex, or disability, and disparate impact based on race—and did not address Plaintiff's alternative theories challenging specific provisions of the nuisance ordinance as facially discriminating based on sex and/or disability. Defendant does not dispute that premise. Instead, Defendant points to passages in this Court's opinion in which this Court exclusively considered theories that are *not* at issue in this Motion—a selective enforcement theory of liability (for purposes of a disparate treatment claim) and whether Plaintiff pleaded a racial disparity in enforcement (for purposes of a disparate impact claim)—and represents them as fully representing this Court's reasoning. In doing so, Defendant all but concedes Plaintiff's point, that this Court did not consider the other theories presented in Plaintiff's complaint, namely gender and disability discrimination unrelated to selective enforcement. Defendant is reduced to contending that it was not error for this Court to overlook those other theories—but Defendant is wrong.

With respect to disparate treatment, Defendant summarizes the "substantive reasons underlying the Court's Order" by citing the Court's finding that Plaintiff pled insufficient facts to support an inference of discrimination in Maplewood's *enforcement* of its nuisance ordinance. *See* Def.'s Opp. at 5 (referencing Court's finding of insufficient facts to create an inference that Maplewood "*enforces* its nuisance ordinance" so as to discriminate against protected groups, or that Maplewood selectively enforces the ordinance by treating "*white* residents and/or *non-disabled* residents" more favorably "when *enforcing*" the ordinance) (emphasis added). And with respect to disparate impact, Defendant points only to this Court's statements that Plaintiff failed to plead that Maplewood's ordinance causes any disparity, none of which evidenced the slightest

6

consideration of Plaintiff's allegation that the ordinance as written necessarily causes a disparate impact based on sex and disability. *See id.* at 6.

Defendant's summary of this Court's ruling thus merely confirms Plaintiff's point. The Court's ruling was expressly and exclusively based on an assessment of Plaintiff's claim as solely alleging discrimination via selective enforcement. *See* Pl.'s Mot. at 1-10. Indeed, the Court's only articulation of Plaintiff's claims indicates as much. *See* Order at 3 ("Plaintiff EHOC claims that Maplewood does not enforce its ordinance evenhandedly but instead knowingly and intentionally enforces the ordinance in a selective manner that discriminates against and has a disproportionate impact based on race, sex, and disability."). Similarly, this Court considered whether the enforcement results cited in the complaint demonstrated a disparate impact, but did *not* consider whether national statistics regarding women and domestic violence and/or people with disabilities and non-criminal police calls demonstrated that the ordinance's domestic violence and police call provisions would predictably have a disparate impact based on gender and disability. Nowhere did the Court acknowledge or address Plaintiff's allegations regarding the inevitable discriminatory effects of the ordinance as written. In doing so, the Court overlooked the alternative theory of discrimination that Plaintiff asserted: that specific aspects of the ordinance itself predictably have a disproportionate impact on women and people with disabilities, *even if enforced evenhandedly*. *See* Pl.'s Mot. at 3-7, 10-13.

Plaintiff thus challenges the discriminatory effect of the ordinance on its face, wholly apart from the evenhandedness of its enforcement. As Plaintiff pled and argued in its briefing, the ordinance's carve-in for domestic violence, which makes domestic violence calls a "nuisance" justifying removal from the city, will necessarily have a disparate impact on women, given that domestic violence victims are overwhelmingly women. *See* Pl.'s Mot. at 3-7; Compl.

7

¶¶ 22, 49; Pl. Opp. to Def.'s Mot. to Dismiss (Doc. 23) at 10.  Similarly, Plaintiff pled that the ordinance's inclusion of police calls relating to non-criminal activity or "annoyance" as a basis for removal will predictably have a disparate impact on those with disabilities who are more likely to be the subject of such police calls due to the manifestations of their disabilities (*e.g.*, calls to suicide hotlines).  *See* Pl.'s Mot. at 10-13; Compl. ¶¶22, 24, 28-33, 35-39, 44, 49.

Defendant identifies nothing in the Court's opinion that acknowledges or assesses these facial challenges that are wholly unrelated to selective enforcement and do not depend on actual enforcement results. Instead, Defendant only cites language reaffirming that the Court exclusively evaluated Plaintiff's claims under a selective enforcement theory, *see* Def.'s Opp. at 5. In doing so, Defendant only reinforces Plaintiff's point: Plaintiff's facial challenges were overlooked. Defendant's summary of the Court's findings likewise offers nothing to suggest that the Court individually assessed Plaintiff's gender and disability discrimination claims separate and apart from its assessment of discrimination based on race—even though those claims are based on very different allegations.[2]

Defendant nonetheless argues that this Court, having overlooked these theories in its opinion, still should not consider them. It argues that Plaintiff pled disparate treatment and disparate impact, and because the Court identified one theory under which it held those claims would fail, the other theories Plaintiff asserted are "legally irrelevant" and need not be assessed. *See* Def.'s Opp. at 7 (arguing that Plaintiff presented only two claims (disparate treatment and disparate impact) and that Plaintiff's suggestion that "certain of its discrimination theories are

---

[2] Because those claims depend on the interplay between distinct, specific provisions of the ordinance (the domestic violence carve-in and the police call provision) and specific statistical realties regarding women and people with disabilities, lumping Plaintiff's gender and disability claims in with its race claim and assessing all three in aggregate, by definition, overlooks the specific facts sustaining the gender and disability claims.

[ ] conceptually distinct" or "should be analyzed under some alternative" than the Court applied is "legally irrelevant"). That is to say, Defendant *admits* that these distinct "theories were in fact set forth in [Plaintiff's] original Complaint"—and that the Court did not separately consider them before dismissing the disparate treatment and disparate impact claims—but nevertheless contends that these distinct theories are "legally irrelevant" such that they should not be separately considered now. *Id.*

Defendant's argument appears to be premised on the notion that the Court need only consider one theory per claim and may dismiss a claim if that one theory fails. That is flatly contrary to law.

Federal Rule of Civil Procedure 8(d)(2) expressly permits a party to plead, as Plaintiff did, multiple theories of liability for a single claim, even if those theories are internally inconsistent. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").[3] Further, Rule 8(d)(2) instructs that "[i]f a party makes alternative statements, the pleading is sufficient if any *one* of them is sufficient." *Id.* (emphasis added). Accordingly, a court can only hold that a claim is insufficiently pled if the court has separately evaluated *each* theory of liability presented for that claim and found *each* theory insufficient as a matter of law. As Defendant's own arguments confirm, the Court did not do that here.

Where, as here, a court inadvertently overlooks an alternate basis for a claim, courts should (and routinely do) correct that oversight by reinstating the claim in response to a Rule 59(e) motion. *See, e.g.*, *Matrix Grp. Ltd., Inc.*, 2005 WL 6749147, at *5-*6 (granting Rule 59(e) motion because the court committed "error in analyzing [the plaintiff's] other theory of liability"

---

[3] Because alternative theories can be set forth in a single count, Defendant's reference, *see* Def.'s Opp. at 7, to the number of claims or counts in Plaintiff's complaint is neither here nor there.

and thereby based its dismissal of the claim "on an error of law"); *see also Pioneer Hi-Bred Int'l, Inc.*, 2001 WL 34127923, at *1 (granting Rule 59(e) relief where the court inadvertently issued an order that was broader than permitted based on the facts presented). Indeed, failure to do so can qualify as an abuse of discretion. *See Innovative Home Health Care*, 141 F.3d at 1286; *Plymouth City*, 287 F.R.D. at 456-57.

### B. In Failing to Address the Controlling Law Cited By Plaintiff Affirming That Plaintiff Stated a Claim for Disparate Impact Liability, Defendant Highlights the Validity of Plaintiff's Claim of Error

Defendant does not meaningfully engage with the controlling law Plaintiff presented in its Motion demonstrating that the complaint properly pleaded disparate impact claims. Instead, Defendant offers conclusory assertions that Plaintiff is wrong without any real argument to that effect.

First, Defendant suggests, without citation to authority, that national studies establishing that women are overwhelmingly more likely to be the victims of domestic violence—and to make police calls regarding such violence—cannot undergird Plaintiff's disparate impact claim. *See* Def.'s Op. at 6. Defendant asserts that Plaintiff must plead local data regarding these effects, but points to no authority so holding. *Id*. There is a reason Defendant points to no authority holding that reliance on national data is insufficient: the Supreme Court and the Eighth Circuit have each held the opposite. *See* Pl.'s Mot. at 5-6.

The Supreme Court has held that national data (such as the national domestic violence statistics and HUD findings cited and incorporated in Plaintiff's Complaint) *can* sustain a disparate impact claim where—as here—there is no reason to think the local numbers would

"differ markedly from those of the national population."[4] *See Dothard v. Rawlinson*, 433 U.S. 321, 330 (1977). In *Dothard*, the plaintiff challenged an Alabama employer's hiring policy requiring applicants to be of a certain height and weight, claiming it would have disparate impact on women. The Court held that national statistics regarding average heights and weights of men and women were sufficient to plead that the policy would have a disparate impact on women; there was no need to present statistics for the specific state or county where the job was located. *Id.* The same holds true here; having pled that women are substantially more likely to be domestic violence victims, and that Maplewood's policy explicitly targets domestic violence victims, Plaintiff stated a disparate impact claim.

As Plaintiff explained in its Motion, the Court erred in assuming that Plaintiff's allegations of disparate impact based on sex were premised on Maplewood's enforcement figures, when in fact they are premised on the evidence cited that women are overwhelmingly more likely to be victims of domestic violence. *See* Pl.'s Mot. at 3-8. That domestic violence victims are far more likely to be women is sufficient to sustain Plaintiff's disparate impact claim, just as the fact that women, on average, were less likely to meet the employer's height and weight requirements sustained the disparate impact claim in *Dothard*. The same holds true for Plaintiff's disparate impact claim based on disability, which is based on the fact that people with disabilities are more likely to trigger non-criminal police calls. In both instances, the actual enforcement figures are merely illustrations of how the ordinance works (and confirmation that national data holds true in Maplewood), and not the primary basis upon which Plaintiff asks the

---

[4] Per the Eighth Circuit, any burden of establishing that localized impact does not mirror national impact is on Defendant, *Bradley v. Pizzaco of Neb., Inc.*, 939 F.2d 610, 613 (8th Cir. 1991), rendering it an inappropriate basis for dismissal at the pleading stage.

11

Court to find that Plaintiff has adequately pleaded that the ordinance will predictably have a disparate impact on women or people with disabilities.

Of course, no enforcement data from Maplewood are required *at all* to sustain Plaintiff's disparate impact claim, as facial disparate impact challenges can be brought before a statute is ever enforced. *See, e.g., Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729, 740-41 (8th Cir. 2005) (evidence that a policy "*can be predicted to result in*, a disparate impact upon a protected class" is sufficient to state a disparate impact claim) (emphasis added); 24 C.F.R. § 100.500(a) (unlawful discriminatory effect under the Fair Housing Act is established where a policy "actually *or predictably* results in a disparate impact" on a protected group) (emphasis added); *see also* Pl.'s Mot. at 5. That Plaintiff *also* pleads local data that *confirms* nationwide statistical data should *bolster* its case, not diminish it.

In response to these binding authorities, Defendant does not cite a single case holding that national statistics are insufficient to plead a disparate impact claim, or that evidence that a policy will predictably result in a disparate impact is insufficient to state a claim. Defendant only acknowledges one case out of the many Plaintiff cited—the Eighth Circuit's binding *Charleston Housing Authority* decision—and asks this Court to ignore it because the *Charleston* court was assessing what is sufficient to *prove*, rather than *plead*, a disparate impact claim. *See* Def.'s Opp. at 7-8. That is nonsensical. If a party can satisfy the higher standard of *proving* a disparate impact claim by showing that a policy will predictably harm a protected group, it necessarily follows that *pleading* the very evidence that *proves* a claim must be sufficient. And Defendant has nothing at all to say about the host of other binding authorities Plaintiff cited for the same proposition as the *Charleston* case.

Defendant's only other response is a conclusory reference to the requirement that one establish the requisite connection between the impact at issue (here, the ordinance's predictable harm to women) and the policy being challenged (the domestic violence provision). *See* Def.'s Opp. at 6. Defendant does not explain how that causal connection is missing here, and it could not be more straightforward and direct. The ordinance expressly targets domestic violence victims (who, statistically, are overwhelmingly women). That predictably causes the ordinance to have a disparate impact on women, however "evenly" it is enforced. The same holds true for Plaintiff's disability discrimination claim: the ordinance directly and predictably causes a disparate impact on people with disabilities by defining non-criminal police calls as a "nuisance" because people with disabilities trigger a disproportionate percentage of non-criminal police calls. *See Crossroads Residents Organized for Stable & Secure ResiDencieS (CROSSRDS) v. MSP Crossroads Apartments LLC*, No. CV 16-233 ADM/KMM, 2016 WL 3661146, at *7-*8 (D. Minn. July 5, 2016) (finding causation "straightforward" and easily met where policy at issue affected housing subsidy recipients, and housing subsidy recipients were predominantly members of one or more protected classes); *Winfield v. City of New York*, No. 15CV5236-LTS-DCF, 2016 WL 6208564, at *6 (S.D.N.Y. Oct. 24, 2016) ("obvious causal link" established where communities were racially and ethnically segregated and the challenged policy's very purpose was to maintain the existing racial and ethnic makeup of local communities).

Plaintiff made all these points in its Motion, and Defendant offers no substantive response. That deafening silence simply confirms that Plaintiff's disparate impact claims based on sex and disability were, in fact, properly pled and should be reinstated.

13

### C. Through its Silence, Defendant Concedes that the Court Dismissed Plaintiff's Reasonable Accommodation Claim Without Providing Any Basis for Its Dismissal

Defendant's continuing silence with respect to Plaintiff's reasonable accommodation claim also speaks volumes. In addition to disparate impact and disparate treatment claims, Plaintiff also pled that Defendant violated Section 3604(f) of the Fair Housing Act by failing to provide reasonable accommodations to persons with disabilities. *See* Compl. ¶¶ 35, 44, 76. In opposing Defendant's Motion to Dismiss, Plaintiff pointed out that Defendant did *not* move to dismiss that claim and offered no basis for its dismissal. *See* Pl. Opp. to Mot. to Dismiss at 5 n.3. Defendant did not contest or challenge that assertion in its reply in support of its motion to dismiss; it remained entirely silent as to Plaintiff's reasonable accommodation claim. *See generally* Def.'s Reply in Supp. of Mot. to Dismiss Pl.'s Compl. For Failure to State a Claim (Doc. 26).

In the instant Rule 59(e) motion, Plaintiff asserted that the Court's *sua sponte*, *sub silentio* dismissal of Plaintiff's reasonable accommodation claim must be an inadvertent error, since Defendant never moved to dismiss that claim, and the Court never offered any basis for its dismissal. *See* Pl.'s Mot. at 14-15. Defendant once again responded with silence—never identifying, let alone defending, any basis for the dismissal of Plaintiff's reasonable accommodation claim. *See generally* Def's Opp.

To date, Defendant has not moved to dismiss Plaintiff's reasonable accommodation claim or offered any reason why it should be dismissed. This Court has not acknowledged that it was dismissing the claim or justified that dismissal. The dismissal of Plaintiff's claim in these circumstances could only be error.

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's Motion, Plaintiff's Motion for Relief from Judgment should be granted, and Plaintiff's claims alleging disparate impact discrimination on the basis of gender and disability, as well as Plaintiff's reasonable accommodation claim, should be reinstated.


Dated: February 2, 2018

                                          Respectfully submitted,

                                          /s/ Sasha Samberg-Champion
John P. Relman*
Megan Cacace*
Sasha Samberg-Champion*
RELMAN, DANE & COLFAX PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
Phone:     (202) 728-1888
Facsimile: (202) 728-0848
jrelman@relmanlaw.com
mcacace@relmanlaw.com
ssamberg-champion@relmanlaw.com

/s/ Thomas E. Kennedy, III
Thomas E. Kennedy, III (MO Bar No. 46617)
Sarah Jane Hunt (MO Bar No. 63899)
LAW OFFICES OF THOMAS E. KENNEDY, III, L.C.
906 Olive St., Suite 200
St. Louis, MO 63101
Phone: (314) 872-9041
Fax:     (314) 872-9043
tkennedy@tkennedylaw.com
sarahjane@tkennedylaw.com

*Attorneys for Plaintiff Metropolitan St. Louis Equal Housing and Opportunity Center*

* Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Reply in Support of Its Motion for Relief from Judgment was served via the Court's electronic notification system upon all counsel of record this 2nd day of February, 2018.

/s/ Sasha Samberg-Champion
Sasha Samberg-Champion