**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| METROPOLITAN ST. LOUIS EQUAL ) | |
| HOUSING AND OPPORTUNITY COUNCIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:17-cv-886-RLW |
| vs. ) | |
| ) | |
| CITY OF MAPLEWOOD, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**CITY OF MAPLEWOOD, MISSOURI'S SUR-REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF**

Defendant City of Maplewood, Missouri ("Maplewood") respectfully submits the following Sur-Reply in Opposition to Plaintiff Metropolitan St. Louis Equal Housing and Opportunity Council's ("Plaintiff") Motion for Reconsideration. Plaintiff's Reply Memorandum in Support of its Motion [Dkt. 40] ("Reply Memorandum") introduces new arguments and authorities not previously submitted in its principal motion. This is procedurally improper and, accordingly, the Court should disregard Plaintiff's new arguments and authorities. Furthermore, Plaintiff mischaracterizes the relevant legal standard and requirements for post-judgment motions while simply ignoring the overwhelming weight of case law. Even with its new and improper arguments, Plaintiff cannot present any valid basis for reconsideration of the Court's Order and Judgment. Accordingly, the new arguments contained in the Reply Memorandum should be disregarded and Plaintiff's motion should be denied.

**I. PLAINTIFF IS NOT PERMITTED TO INTRODUCE NEW ARGUMENTS AND AUTHORITIES IN ITS REPLY BRIEF.**

On January 5, 2018, Plaintiff filed a "Motion for Relief from Judgment." [Dkt 35] The title of the motion mirrors the language of Federal Rule of Civil Procedure 60 ("Relief from a

Judgment or Order"). The motion itself contains a single, general reference to "Federal Rules of Civil Procedure 59, 60(b) and 60(c)," but does not include any case law referencing or analyzing any of these rules.

Despite the dearth of relevant authorities or citations in its principal motion, and despite the title of its own motion using language taken from FRCP 60, Plaintiff now attempts to use its Reply Memorandum to re-characterize its motion into a request under Federal Rule of Procedure 59(e), going so far as to claim "it is immaterial that Plaintiff's Motion also referenced Rule 60." *See* Reply Memo at p. 2. Having completely abandoned any claim to FRCP 60, and somehow insisting that any discussion of that rule is "irrelevant," Plaintiff instead spends three pages purportedly analyzing its new argument under FRCP 59(e). This attempted tactical shift breaches well-known procedural rules and is simply improper.

A party may not introduce new arguments for the first time in a reply memorandum. *See Certain Underwriters at Lloyd's, London v. SSDD, LLC*, No. 4:13-cv-193-CAS, 2013 WL 2013 WL 6801832 *11, n. 4 (E.D. Mo. Dec. 23, 2013) (improper to raise new argument in reply memorandum); *Westfield, LLC v. IPC, Inc.*, 4:11-cv-155-JCH, 2012 WL 1205794 at *2, n.1 (E.D. Mo. Apr. 11, 2012) (court will not consider arguments raised for first time in a reply brief); *U.S. v. Henry*, No. 4:07-CR-129 CAS, 2011 WL 147758 at *1 n. 1 (E.D. Mo. Jan. 18, 2011) ("It is also generally improper to raise a new argument in a reply brief.") (citing *Fed. Trade Comm'n v. Neiswonger*, 580 F.3d 769, 775 (8th Cir. 2009)).

Notably, Plaintiff's principal motion contains zero references to Rule 59(e), nor does it cite any authority whatsoever discussing or analyzing Rule 59(e). By attempting to recast its argument into a motion under Rule 59(e), and despite having never referenced this specific provision or included any discussion or analysis of the Rule in its principal brief, Plaintiff is

attempting to do what the rules prohibit by introducing new arguments. Having realized that Rule 60 provides no basis for relief, Plaintiff should not now be permitted to re-invent its argument and introduce new arguments and authorities via its Reply Memorandum. Because Plaintiff's arguments and authorities regarding Rule 59(e) were not previously submitted, the Court should disregard this section of the Reply Memorandum in its entirety.

## II. PLAINTIFF MISSTATES THE RELEVANT STANDARD OF RULE 59(e).

Having waived its purported Rule 59(e) argument by failing to properly raise it in its motion, Plaintiff's Reply Memorandum declines to even cite the standard for a Rule 59(e) analysis correctly. "Rule 59(e) motions serve the limited function of correcting *manifest errors or law or fact* or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citation omitted) (emphasis added). The "manifest errors or law or fact" standard is referenced repeatedly in Missouri federal case law, which conspicuously does not appear in the Reply Memorandum. Furthermore, the same "manifest error of law or fact" standard applies to motions brought under both Rule 59(e) and Rule 60(b)(2). *Metro St. Louis Sewer*, 440 F.3d at 933 (citing *U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc*. 320 F.3d 809, 815 (8th Cir. 2003) and its discussion of "factors one must show to prevail under Rule 60(b)(2), *which are the same under Rule 59(e)*." (emphasis added). *Id*. at 933 n.1 (noting that "Rule 59(e) and Rule 60(b)(2) are analyzed identically.").[1]

Despite its attempt to gloss over the relevant standard, Plaintiff cannot demonstrate any "manifest error" in the Court's Judgment and Order. Its motion should therefore be denied.

## III. Rule 59(3) Does Not Permit Re-Litigation of Matters Previously Resolved.

Contrary to Plaintiff's assertion, motions brought under Rule 59(e) "do not allow a party

---

[1] Maplewood's Opposition Memorandum quotes this very same standard and language. *See* Maplewood Opp. Memo at p. 2 (citing *Arnold v. ADT Sec. Serv., Inc.*, 627 F.3d 716 (8th Cir. 2010), analyzing a motion brought pursuant to Rule 60(b) and quoting the "manifest error of law or fact" standard).

3

to re-litigate matters previously resolved by the court…" *Smith v. Wallace*, No. 1:14-cv-146-SNLJ, 2016 WL 6962817 at *1 (E.D. Mo. Nov. 29, 2016) (denying motion and citing *Metro St. Lewis Sewer*, 440 F.3d at 933). Rather, attempts to use Rule 59(e) as a vehicle for re-arguing already briefed and litigated matters is improper. When a party uses such a motion to repeat earlier arguments, the motion is routinely denied. *See Settle v. Bank of America*, No. 4:17-cv-1343-JMB, 2017 WL 3007026 *1 (E.D. Mo. July 14, 2017) ("It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment.") (denying motion and *quoting In re Gen. Motors Corp. Anti-Lock Brake Prods. Liability Lit.*, 174 F.R.D. 444, 446 (8th Cir. 1997)); *U.S. v. Mask of Ka-Nefer-Nefer*, No. 4:11-cv-504-HEA, 2012 WL 1977242 *1 (Rule 59(e) "may not be used to relitigate old matters," and denying motion when party had "presented nothing new…"); *aff'd*, 752 F.3d 737 (8th Cir. 2014); *Everett v. Aurora Pump Co.*, No. 4:17-v-230-HEA, 2018 WL 372339 at *2 (E.D. Mo. Jan. 11, 2018) ("Nothing has changed, nor should the Opinion, Memorandum and Order in this matter be altered or amended under Rule 59(e)"); *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000) (affirming denial of motion for reconsideration brought pursuant to Rule 59(e) and noting party "merely restated the arguments" already made in an opposition memorandum).

The vast majority of the Reply Memorandum simply attempts to reargue the merits of the underlying case. This approach, whether done under Rule 59(e) or Rule 60, is not permissible and provides no basis for relief.

WHEREFORE, for the foregoing reasons, the City of Maplewood, Missouri respectfully requests that this Court deny Plaintiff's motion in its entirety and allow the Court's Memorandum and Order [Dkt. 33], and related Order [Dkt. 34] dated December 7, 2017 to stand, and for such other and further relief as the Court deems appropriate under the circumstances.

Dated: February 6, 2018

Respectfully submitted,

LEWIS RICE LLC

By: /s/ Craig S. Biesterfeld
Craig S. Biesterfeld (Mo. Bar No. 27233)
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
(314) 444-7600 telephone
(314) 612-7726 facsimile
CBiesterfeld@lewisrice.com

and

HUSCH BLACKWELL LLP

By: /s/ Michael J. Tolles
Michael J. Tolles (Mo. Bar No. 61606)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500 telephone
(314) 480-1505 facsimile
mike.tolles@huschblackwell.com

*Attorneys for Defendant City of Maplewood, Missouri*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's electronic notification system upon all counsel of record this 6th day of February, 2018.

                                               /s/ Michael J. Tolles