## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

METROPOLITAN ST. LOUIS EQUAL
HOUSING AND OPPORTUNITY
COUNCIL,

               Plaintiff,

   v.

CITY OF MAPLEWOOD, MISSOURI,

           Defendant.

Civ. Action No. 4:17-cv-886-RLW

## PLAINTIFF'S MOTION FOR ORAL ARGUMENT

Pursuant to Local Rule 78-4.02, Plaintiff requests oral argument regarding Plaintiff's Motion for Relief from Judgment (Doc. 35). Oral argument is warranted here for a number of reasons.

1.     First, oral argument is warranted in light of the significance of the underlying Order that is the subject of Plaintiff's Motion. Given the case-ending impact of the order being challenged and the claims of error at issue in Plaintiff's Motion, oral argument would ensure that key issues are in front of the Court when it decides the Motion.

2.     Second, because Defendant's Opposition (and Surreply) did not engage with many of the arguments Plaintiff presented regarding the validity of Plaintiff's claims, oral argument would provide a critical opportunity to engage with these issues, address any outstanding questions, and assist the Court in resolving Plaintiff's Motion.

3.     Third and finally, oral argument would provide an opportunity—without further multiplying filings—to address certain representations made in Defendant's Surreply that Plaintiff has had no opportunity to address and could otherwise invite error. In its Opposition, Defendant dismissed the proper scope of a Rule 59 motion in a footnote as related only to

1

"deadlines and issues of timing," and categorically ruled out the use of Rule 59 to "address any substantive basis for a party to seek reconsideration." Def.'s Opp. to Pl.'s Mot. to Reconsider (Doc. 39) at 2 & n.2.  After Plaintiff explained at length that this was not correct, Defendant used the bulk of its Surreply to argue, for the first time, that a Rule 59(e) motion actually relates to correcting "manifest errors of law and fact." Def.'s Surreply (Doc. 43) at 3.  Despite acknowledging that Plaintiff expressly moved under Rule 59 and addressing Rule 59's application in its Opposition, Defendant argues in its Surreply that Rule 59 should somehow be ignored as a "new" issue raised in Plaintiff's Reply.  Because Defendant offered an entirely different interpretation of Rule 59 in its Opposition, Plaintiff has had no opportunity to address Defendant's new reading of Rule 59 provided in its Surreply.  Rather than engaging in further briefing, oral argument provides an efficient mechanism for clarifying the controlling standard under Rule 59.

4.      Plaintiff has conferred with Defendant, which opposes this motion.


Dated: February 14, 2018                    Respectfully submitted,

                                            /s/ Sasha Samberg-Champion
                                            John P. Relman*
                                            Megan Cacace*
                                            Sasha Samberg-Champion*
                                            RELMAN, DANE & COLFAX PLLC
                                            1225 19th Street, NW, Suite 600
                                            Washington, DC 20036
                                            Phone:     (202) 728-1888
                                            Facsimile: (202) 728-0848
                                            jrelman@relmanlaw.com
                                            mcacace@relmanlaw.com
                                            ssamberg-champion@relmanlaw.com

                                            /s/ Thomas E. Kennedy, III
                                            Thomas E. Kennedy, III (MO Bar No. 46617)
                                            Sarah Jane Hunt (MO Bar No. 63899)

LAW OFFICES OF THOMAS E.
KENNEDY, III, L.C.
906 Olive St., Suite 200
St. Louis, MO 63101
Phone: (314) 872-9041
Fax:     (314) 872-9043
tkennedy@tkennedylaw.com
sarahjane@tkennedylaw.com

*Attorneys for Plaintiff Metropolitan St. Louis
Equal Housing and Opportunity Center*

\* Admitted *pro hac vice*