# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN ST. LOUIS EQUAL HOUSING AND OPPORTUNITY COUNCIL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:17CV886 RLW |
| CITY OF MAPLEWOOD, MISSOURI, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Metropolitan St. Louis Equal Housing and Opportunity Council's ("EHOC") Motion for Relief from Judgment, pursuant to Rules 59, 60(b), and 60(c) of the Federal Rules of Civil Procedure. (ECF No. 35) The motion is fully briefed and ready for disposition. For the reasons discussed herein, the motion is denied.

Plaintiff EHOC seeks relief from this Court's final judgment and Memorandum and Order of December 8, 2017, granting Defendant City of Maplewood, Missouri's ("Maplewood") motion to dismiss. (ECF Nos. 33, 34) Plaintiff claims that the Court overlooked that EHOC's sex discrimination and disability discrimination claims are conceptually distinct from the race discrimination claims, and thus the Court erred in dismissing those claims for the same reasons. EHOC requests that the Court further consider the sex and disability claims under a different analysis. Defendant Maplewood asserts that Plaintiff cannot use Rule 60(b) to re-litigate the merits of its case and that the Court fully addressed all of Plaintiff's claims as pleaded. Plaintiff replies that it brings the motion, not under Rule 60(b) but under Rule 59(e), which allows a court to correct errors in a final judgment.

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may file a motion to alter or amend a judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998) (internal quotation omitted)). Motions under 59(e) "'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286). "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." § 2810.1 Grounds for Amendment or Alteration of Judgment, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.) (footnotes omitted).

Similarly, under Rule 60(b), a court may relieve a party from a court order for several reasons including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct by an opposing party, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(3), (6). "'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman*, 839 F.2d at 414 (quotations and citations omitted)). "The district court has wide discretion in ruling on a Rule 60(b) motion . . . ." *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008). Rule 60(b) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed

2

conditions, and the like). It is not a vehicle for simple reargument of the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Upon review of Plaintiff's motion and supporting memoranda, the Court finds that Plaintiff is not entitled to relief under either Rule 59(e) or Rule 60(b), both rules cited by Plaintiff as grounds for relief. Contrary to Plaintiff EHOC's assertion, the present motion is an attempt to re-litigate the issues which the Court thoroughly addressed in the Memorandum and Order. To the extent that EHOC finds the Court's judgment erroneous, a Rule 60(b) motion is not the proper vehicle for raising such objections. The Eighth Circuit "has maintained consistently that 'Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.'" *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (quoting *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962)). While Plaintiff now maintains that it is not requesting Rule 60(b) relief, the motion states that the "Court overlooked that EHOC's sex discrimination and disability discrimination claims are conceptually distinct from the race discrimination claims . . . ." (Pl.'s Mot. for Relief p. 1, ECF No. 35) Plaintiff's motion then argues that the Court's legal analysis of its sex and disability discrimination claims is erroneous. As state above, relief for alleged judicial error is not a proper basis for Rule 60(b) relief.[1] *See Delaterjera v. Bowersox*, No. 4:12-CV-1311 NAB, 2015 WL 300379, at *3 (E.D. Mo. Jan. 22, 2015) (citation and internal quotation omitted) (finding that an argument that the court misunderstood or misapplied the law is not grounds for relief under Rule 60(b)(1)).

With respect to Rule 59(e), Plaintiff argues that the Court would commit error by refusing to reconsider the merits of the motion to dismiss and correct factual or legal errors

---

[1] Nowhere in Plaintiff's initial memorandum does it argue that its request for relief meets the requirements of either Rule 60(b) or Rule 59(e). Only in the reply memorandum does Plaintiff explicitly rely upon Rule 59(e) as grounds for reconsideration.

3

encompassed by the judgment. (Pl.'s Reply p. 2, ECF No. 40) However, contrary to Plaintiff's assertion, Rule 59(e) does not allow a plaintiff to re-litigate matters previously determined by the court. "It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment." *In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) (internal quotations omitted). Instead, as stated above, Rule 59(e) motions are limited to correcting manifest errors of law. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. Here, Plaintiff EHOC has not pointed to any manifest error by the Court. Review of Plaintiff's motion and related memoranda shows the present motion is merely an attempt to re-argue the merits, which the Court previously and thoroughly considered. Therefore, the Court will deny Plaintiff's motion for relief from judgment. *See Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000) (affirming district court's denial of Rule 59(e) motion to reconsider where plaintiff merely restated arguments made in her opposition to defendant's summary judgment motion).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Metropolitan St. Louis Equal Housing and Opportunity Council's Motion for Relief from Judgment (ECF No. 35) is **DENIED.**

Dated this 8th day of May, 2018.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

4